*1369 OPINION.
Milliken:
The respondent has admitted error, with respect to issues 1(a) and (b).
The 'question presented in the second issue was considered in the Appeal of Independent Brewing Co. of Pittsburgh, 4 B. T. A; 870, and on authority of that decision, the inclusion in the income of the petitioner of the discount on its bonds purchased at discount -.and retired, was in error. See also New Orleans, Texas & Mexico Ry. Co., 6 B. T. A., 436.
Petitioner avers that the respondent has failed to allow in invested capital for both years the full amount of paid-in surplus to which it is entitled. Admitting inability to reconcile with information available the amounts óf surplus included in invested capital by the respondent, the petitioner submits a statement of the .total invested capital claimed for each year. ■ • ■
As at the beginning of each year, the. aggregate of so much of the payments by.the four stockholders, heretofore made to the .trustee* *1370 as was applied to the principal of bonds purchased and retired, is claimed allowable in full in invested capital as paid-in surplus. The payments were regularly entered on the books. The petitioner now seeks to resolve the net credit balance of book surplus into a larger amount of paid-in surplus and a profit and loss debit balance in the nature of an operating deficit. The Circuit Court of Appeals for the Fifth Circuit, in the case of Houston Belt & Terminal Ry. Co. v. United States, 250 Fed. 1, had before it the construction of the instrument providing for the sinking fund payments, and in the light of the decision rendered it is clear that the payments made by the four stockholders of petitioner to the trustee constituted income to petitioner. Being properly classifiable as earned income reducible by operating charges and admittedly entered on the books of account in the years when earned, we are of the opinion that the respondent should be sustained.
Paid-in surplus is claimed in the amount of $62,330.05 for both years, on account of a credit balance of that amount which appears on the balance sheet as “Advances by Railroads.” It is in evidence that the occasion for these advances was a lack of sufficient cash capital due to unavoidable delays in collecting operating expenses billed to the debtors, and that later a plan of operation was devised whereby drafts were drawn and accepted for advance payments when required; while it is also in evidence that there was no understanding relative to repayment and no demand for it has been made, there is nothing in the record to indicate that the deposits may not be subject at any time to current settlement or that the advances are other than a convenient method of offsetting receivables delayed in settlement. We find no error in the exclusion of the amount from invested capital.
Petitioner claims for the years 1918 and 1919, additions to invested capital of the effective averages of sinking fund payments on or before June 1, 1918, of $50,000, and on or before June 1, 1919, $50,000. These additions are not allowable due to the express exclusion from invested capital of current earnings, contained in section 326(a)(3) of the Revenue Act of 1918. Having heretofore held that the sinking fund payments constituted income to petitioner, the payments made in the years 1918 and 1919 should be excluded from invested capital and we find no error in such decision of the respondent.
The Commissioner has decreased surplus for 1918 on account of additional taxes for 1915 and 1916 and for the effective average of the 1917 tax; for 1919 the deduction includes additional taxes for 1915, 1916, and 1917, and the effective average of the 1918 tax. In view of article II, section 2(b) of the agreement of 1907, it is evident that the four stockholders are immediately charged with an *1371 equal and offsetting liability to the petitioner with the result that petitioner can suffer no diminution of invested capital in this regard.
The respondent is reversed as to the deduction from surplus of the prior years’ additional taxes.
The amounts of Federal income and excess-profits taxes payable in 1918 and 1919 by the petitioner, for which the four stockholders were liable under the contract of 1907, are income for the years within which due and payable. Appeal of Norwich & Worcester R. R. Co., 2 B. T. A. 215, and Appeal of Providence & Worcester R. R. Co., 5 B. T. A. 1186.

Judgment will he entered on 15 days' notice, under Rule 50.